## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**CLEVELAND JONES,**

      **Plaintiff,**

**vs.**                                             **CASE NO. 4:07CV419-SPM/AK**

**TONY PORTER,**

      **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se,* has filed a second amended complaint alleging that Defendant Tony Porter violated his Fourth Amendment rights by forcing him to undergo a urine test that caused his parole to be revoked.  (Doc. 14).  Originally, Plaintiff sued the Parole Commissioners in Tallahassee, but he has now asserted his claims against one Defendant, who resides in Hollywood, Florida, for actions taken in Hollywood, Florida.  Because Hollywood, Florida is located in the Southern District of Florida, as is the Defendant and the Plaintiff, the proper forum for this action pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 89(c) is in the United States District Court for the Southern District of Florida, Ft. Lauderdale Division.

A federal district court has the authority under 28 U.S.C. § 1406(a) to transfer a case to another district or division "in which it could have been brought."  A court may raise the issue of defective venue *sua sponte*, but should not dismiss an improperly filed case for lack of venue without giving the parties an opportunity to respond.  Lipofsky v.

New York State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988).  The

Lipofsky court did not place the same limitations on the court's ability to transfer a case

to the appropriate forum pursuant to 28 U.S.C. § 1404(a).  *See* Lipofsky, 861 F.2d at

1259, n. 2.  Thus, it is recommended that the case be transferred rather than dismissed.

There is no need for a hearing on this transfer.  *Cf.* Costlow v. Weeks, 790 F.2d 1486,

1488 (9th Cir. 1986) *with* Starnes v. McGuire, 512 F.2d 918, 934 (D.C. Cir. 1974).

     In light of the foregoing, and pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), the

undersigned respectfully **RECOMMENDS** transfer of this action to the United States

District Court for the Southern District of Florida, Ft. Lauderdale Division, for all further

proceedings.

     **IN CHAMBERS** at Gainesville, Florida, this  _21st_ day of March, 2008.


*s/ A. KORNBLUM*         
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

     **A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**


**No. 4:07CV419-SPM/AK**